Ruffin, C. J.
 

 Without adverting to the other objections, the Court deems that upon the question of jurisdiction, fatal to the action.
 

 It is first to be noted, that this is not within that provision in the Act, which makes, “demands due on special contract or agreement,” cognizable before a magistrate out of Court; because that clause is restricted to demands of $60, or under, and this contract and action are for $75. The question is, whether it falls within the .other clause, which embraces debts, whereof the principal does not exceed $100, “due on bonds, notes, and liquidated accounts.” We think, it does not. This contract is not a bond ; not being under seal. Nor is it a note, in the sense of the statute ; which means, like the Acts of 1762, and 1786, by that word, “ note,” a promissory note for money. That is the legal import of the term
 
 per sc ;
 
 and the construction is the clearer upon this statute, from the contrast in the language of the two clauses in this section, which relate to the several classes of debts, of $6G, and of $100 : that of the former being “ special contract, note, or agreement” generally, while that of the latter is confined to the specific forms of contracts, “ bonds or notes,” in their technical sense. Still less can this instrument'be called “a liquidated account j” which the Statute
 
 *11
 
 itself defines to be an account stated in writing and signed by the party from whom the debt shall be due. This imports an amount or balance, ascertained to be due on account, from the one party to the other ; and it excludes the idea of an original contract whereby one person engages to pay a sum of money to another on a certain contingency, in the nature of a wager.
 

 Such a case, is not within the purview of that part of the Act.
 

 Peu Curiam. Judgment affirmed.